

**SIGNED this 15th day of April, 2009.**

_____
**FRANK R. MONROE
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | X | CASE NO. 05-14415-FRM |
| SPILLMAN DEVELOPMENT GROUP | X | |
| | X | |
| DEBTOR | X | CHAPTER 7 |
| SPILLMAN INVESTMENT GROUP, | X | |
| LTD., et. al. | X | |
| Plaintiffs | X | ADV. NO. 08-1018 FRM |
| v. | X | |
| AMERICAN BANK OF TEXAS, | X | |
| et. al. | X | |
| Defendants | X | |

MEMORANDUM OPINION

The Court entered an Order Granting the Plaintiffs' Motion for Partial Summary Judgment and an Order Denying Fire Eagle's Motion for Summary Judgment on January 29, 2009. On February 6, 2009, Fire Eagle filed its Motion to Reconsider the Judgments and Memorandum Opinion of January 29, 2009. Fire Eagle then filed its Supplemental Motion to Reconsider or for New Trial on February 9, 2009 and it Second Supplemental Motion to

Reconsider on March 13, 2009. This Court has jurisdiction to reconsider its orders pursuant to Fed. R. Civ. P. 59(e) made applicable herein through Fed. R. Bankr. P. 9023 which applies to requests to amend judgments/orders filed no later than ten days after entry of the judgment/order in question. The Court, as requested by Fire Eagle, also considers such relief under Fed. R. Civ. P. 60. This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 7052 which is made applicable to contested matters under Bankruptcy Rule 9014.

Facts

Spillman Investment Group, Ltd. pledged a certificate of deposit ("SIG CD") in the amount of $1,200,000.00 to American Bank of Texas as collateral for its debt which was secured by a first lien on the Debtor's golf course and related assets ("Senior Debt"). It sought a ruling by this Court that the effect of Fire Eagle LLC's $9.3 million credit bid by which it purchased the golf course and certain related assets in open court was to fully pay the Senior Debt it had earlier purchased from American Bank of Texas[1] and that the certificate of deposit it had placed as security for that debt should now be released back to it.

Plaintiffs Gurasich, Walden, West, and the three Topfers were guarantors of the Senior Debt and sought a ruling that the legal effect of the Fire Eagle's credit bid was that the Senior Debt was fully paid and that their guarantees should be determined to be released and ordered returned to them.

Plaintiffs filed their Motion for Partial Summary Judgment on November 3, 2008. Fire

---

[1] Fire Eagle had a debt secured by a second lien on the Debtor's golf course and related assets (Junior Debt) and purchased the Senior Debt to protect its Junior Debt.

Eagle filed a response as well as its own Motion for Summary Judgment on December 2, 2008. Both motions sought a determination of the legal effect of Fire Eagle's §363(k) credit bid pursuant to which it purchased the golf course and other related assets which secured both the Senior Debt and the Junior Debt.

The Court originally scheduled a hearing on Plaintiffs' Motion for Partial Summary Judgment for December 17, 2008. However, the Court, after reviewing the competing Motions determined there was no need to hold a hearing. The Court Clerk then entered an entry on the docket that stated the hearing was "TO BE RESET TO A LATER DATE BY THE COURT" although no hearing was actually held as the Court determined it was not necessary.

The Court entered its Order Granting Plaintiffs' Motion for Partial Summary Judgment and an Order Denying Fire Eagle's Motion for Summary Judgment on January 29, 2009 along with its Memorandum Opinion. The Court determined that the Senior Debt had been paid in full as a result of Fire Eagle's §363(k) credit bid and, as such, it had no claim against the SIG CD or the guarantors under their respective guarantees.

Prior to the Court's ruling, Fire Eagle filed various motions pertaining to additional discovery it desired to pursue. It and other parties also sought an extension of certain time deadlines set out in the Scheduling Order. At a hearing on January 7, 2009, the Court granted relief requested by Fire Eagle and ordered the requested depositions to proceed and that the discovery deadline be extended (although no Order has actually ever been submitted by Fire Eagle).

Fire Eagle proceeded with certain depositions which included those of Mr. West, Mr.

Gurasich, Mr. Alan Topfer and Mr. Richard Topfer. Fire Eagle claims numerous admissions were made under oath which would certainly defeat the Plaintiffs' Motion for Partial Summary Judgment. Fire Eagle has provided certain deposition excerpts in its Supplemental and Second Supplemental Motions to Reconsider to support its contention.

Fire Eagle also requested certain Electronically Stored Information as commanded in a subpoena duces tecum which it claims was never received.

Fire Eagle claims that the Court erred in granting Plaintiffs' Motion for Partial Summary Judgment as Fire Eagle needed the additional discovery and Electronically Stored Information to respond to Plaintiffs' Motion for Partial Summary Judgment which discovery, Fire Eagle asserts, would have raised genuine issues of fact for this Court. However, Fire Eagle had already responded to the Plaintiffs' Motion and filed its own Motion on December 2, 2008.

This adversary proceeding was filed on February 13, 2008.[2] The Court spent several months dealing with Fire Eagles 12(b)(6) and other jurisdictional motions even though it had already denied them once. See Footnote 2. Fire Eagle also filed a Motion to Withdraw the Reference which was denied by the District Court. Also, the Debtor filed bankruptcy in 2005. Numerous depositions had, by the time of the filing of the Motions for Summary Judgment, been

---

[2] The issue addressed in this adversary proceeding was originally brought in the form of a motion in the main bankruptcy case filed by the Debtor on December 19, 2006 seeking a ruling that as a result of Fire Eagle's §363(k) purchase of the golf course and certain related assets the Senior Debt had been paid. Plaintiffs filed a Joinder to the Debtor's motion on January 12, 2007. Fire Eagle filed its objection January 11, 2007 and later sought its dismissal on various grounds [virtually the same ones it has urged in this adversary proceeding]. The Debtor's motion was heard on April 4, 2007, and the Court determined the Senior Debt had been fully paid as a result of Fire Eagle's §363(k) purchase. An Interim Order to that effect was entered May 21, 2007. A final Order to that effect was entered June 20, 2007 denying Fire Eagle's Motion to Reconsider. That Order has not been appealed. That Order did, however, grant reconsideration of the Joinder by the Plaintiffs therein. The June 20, 2007 Order was amended September 27, 2007 and is final. The Plaintiffs' Joinder sought the same relief as this adversary proceeding. Ultimately, by Order dated January 14, 2008, Fire Eagle's Rule 12(b)(6) motion to the Joinder was denied but the adversary rules were invoked. That resulted in the filing of this adversary proceeding. The point is this issue has been in various states of active and heated litigation since December 19, 2006.

taken in the main bankruptcy case and voluminous amounts of documents regarding this matter had already been produced.

### Question Presented

Should the Order Granting Plaintiff's Motion for Partial Summary Judgment and Order Denying Fire Eagle's Motion for Summary Judgment be vacated?

### Conclusions of Law

This motion will be treated as a motion for reconsideration under Fed. R. Civ. P. 59(e). *See Fletcher v. Apfel,* 210 F.3d 510, 511-12 (5th Cir. 2000)("A motion to reconsider which challenges a prior judgment on the merits will be treated as a Federal Rule of Civil Procedure 59(e) motion if it is served within ten days after entry of the judgment."). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). The Fifth Circuit has held "that such a motion is not the proper vehicle for rehashing evidence, legal theories or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F. 3d at 479; *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990). Rather Rule 59 (e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 479.

However, a motion to reopen a case under Rule 59(e) though subject to much more stringent time limitations than a comparable motion under Rule 60(b), is not controlled by the same exacting substantive requirements. *See Smith v. Morris & Manning,* 657 F.Supp. 180, 181 (S.D.N.Y. 1987). Because rule 59(e) motions are subject to much more stringent time requirements than Rule 60(b) motions, Rule 59(e) motions provide relief for the movant on

5

grounds at least as broad as Rule 60 motions. *See Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, *see also Smith v. Morris & Manning,* 657 F.Supp. 180, 181 (When filing a motion under Rule 59(e), "[a party] need not meet the somewhat stringent requirements of Rule 60, which is aimed at protecting the finality of judgments from belated attack."). The Court will review under Rule 60 as well.

Rule 60 allows a court to reconsider a judgment based on 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; 3) fraud; 4) the judgment is void; and 5) the judgment has been satisfied, released or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; and 6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Fire Eagle fails to identify any specific basis for relief under Rule 59 or Rule 60 other than to boldly state it has not been afforded an opportunity to complete its discovery and supplement its summary judgment response prior to this Court's entry of judgment and that through partial discovery it has taken, issues have come to light which tend to defeat Plaintiffs' Motion for Partial Summary Judgment. It is obvious there is no basis under Rule 60(b)(1) through (5) nor is there a manifest error of fact or law to correct. Fire Eagle perhaps then believes the missed discovery has prevented it from providing newly discovered evidence which would have changed this Court's rulings. Or possibly, the Court is to review under its power to consider equitable factors. Fed. R. Civ. P. 60(b)(6), See, *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863-64, 108 S.Ct. 2194, 100 L.Ed. 2d 855 (1988)(noting that

Rule 60(b)(6) provides district courts with "authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," but that such power should only be used in extraordinary circumstances." (internal quotations omitted). Fire Eagle apparently believes that its inability to conclude its discovery process is alone sufficient reason for "justifying relief" from the summary judgment Orders entered. Fire Eagle's argument is simply specious. It is, in fact, an attempt to interject extraneous and irrelevant facts into what is a very simple event that occurred in open court – the §363(k) bid by Fire Eagle which exceeded the amount of the Senior Debt pursuant to which Fire Eagle effectively foreclosed upon/bought its collateral.

Fire Eagle additionally asserts that the Order extending the Scheduling Order as stated on the record, the order granting certain depositions be taken as stated on the record, the arguments to obtain certain discovery approved by the Court and allegedly never complied with by the Plaintiffs, and the docket entry reflecting that the Plaintiffs' Motion for Partial Summary Judgment would be set for hearing at a later date show that Fire Eagle was entitled to obtain further discovery and file further opposition to Plaintiffs' Motion for Partial Summary Judgment. Fire Eagle claims that entry of its rulings on the summary judgment motions are in direct conflict with the Court's approval of the discovery and scheduling extensions and other actions.

Fire Eagle's argument is specious. As noted in the Memorandum Opinion, both the Plaintiffs' and Fire Eagle's Motions for Summary Judgment covered the exact same simple issue–what was the <u>legal</u> effect of the sale of the golf course and related assets in open court to

Fire Eagle under §363(k) pursuant to a final order of this Court which authorized the same;[3] both Plaintiffs' and Fire Eagle's summary judgment motions were filed on the premise that there were no issues of material fact and that the Court should rule based on applicable law. Both sides urged the Court to interpret the relevant documents which were clear and unambiguous. And, the writings relied on by this Court in making its ruling are unambiguous. The summary judgment motions required only a review of the transactional lending documents, the Bankruptcy Court Orders relating to the sale, and the application of bankruptcy law, specifically §363 of the Bankruptcy Code, to those facts. No inquiry as to the intent behind the documents is required or appropriate. And, not even Fire Eagle can argue with a straight face that for the purposes of its own summary judgment motion no genuine issue of material fact exists while at the same time asserting that a genuine issue of material fact exists with respect to the Plaintiff's summary judgment motion on the same exact issue. Well, the Court supposes Fire Eagle can make such an argument. However, it is simply wholly without merit.

Nevertheless, Fire Eagle does argue that the additional discovery it has undertaken proves that the documents somehow mean something different than what they say. Fire Eagle submits certain deposition transcripts (of depositions it took prior to this Court's summary judgment rulings and attached to its Supplemental Motions to Reconsider) to prove that there are genuine issues of material fact in connection with its defense of Plaintiffs' Motion for Partial Summary Judgment. A sampling of the deposition testimony is as follows: 1) Mr. West and Mr. Gurasich admitted to their signatures on the guarantees and the pertinent sections of the

---

[3] The sale was made to Fire Eagle in consideration of Fire Eagle's §363(k) bid WHICH WAS IN EXCESS OF AND FULLY PAID THE SENIOR DEBT.

guarantees, 2) Mr. Topfer admits his signature to the guarantees and that he was not forced to execute the documents and was not under duress and that he "was guarantying a certain amount of that debt", 3) Mr. Topfer answered, "yes" to the question "Is it your opinion that if the language is contained in this document [both guarantees] that you bound yourself to that language?, 4) Mr Topfer further admitted to guaranteeing the amount of $1,500,000.00 in principal, plus interest, attorneys' fees, commitment fees, liabilities for costs and expenses and to guaranteeing an additional amount of $304,000.00 in principal, plus interest, attorneys' fees, commitment fees, liabilities for costs and expenses, and 5) Mr. Topfer admitted that rather than going through all the sections that were marked on the [guarantees] that if he signed it, he agreed to the contents of the [guarantees].

The response to these "startling" revelations is, SO WHAT!

There is no question that the guarantors signed the guarantees and that they bound themselves in so doing. That has never been an issue in this case. And, it has no bearing on the Court's granting of the Plaintiffs' Motion for Partial Summary Judgment. In fact, no additional discovery can possibly change this Court's ruling. That is because such ruling required review only of the unambiguous transactional documents, which included the guarantees, certain Bankruptcy Court Orders relating to the sale and the application of §363 to those uncontested, well known and uncontrovertible facts that are clearly set out in this Court's Memorandum Opinion.

There is no need to inquire into any intent behind the execution of the documents. It is IRRELEVANT AND NOT AN ISSUE IN THIS CASE. Nor is there any need for additional discovery in the context of the summary judgment motions. Both parties rely on the documents

as written. The fact that Fire Eagle somehow wants to interpret the meaning of the documents differently is not a basis for this Court to reconsider its Order. This Court has issued its Memorandum Opinion dated January 29, 2009 explaining IN DETAIL its ruling. Fire Eagle's Motion to Reconsider (along with its Supplemental Motions to Reconsider) are without merit of any sort.

Fire Eagle bought the golf course. It paid more than the Senior Debt in its §363(k) bid. It somehow feels it can now collect a SECOND TIME on the SENIOR DEBT by taking the SIG CD and enforcing the guarantees. Such a position is simply ludicrous. No party is claiming the guarantees were unenforceable. The claim is that the SENIOR DEBT that they guaranteed has been PAID. AND, IT HAS BEEN. It is fairly basic horn book law that one can only collect on an indebtedness ONCE.

An Order of even date will be entered herewith denying Fire Eagle's Motion.

###