

**SIGNED this 29th day of April, 2009.**

_____
**FRANK R. MONROE
UNITED STATES BANKRUPTCY JUDGE**
_____

```
                UNITED STATES BANKRUPTCY COURT
                  WESTERN DISTRICT OF TEXAS
                        AUSTIN DIVISION

IN RE:                              )
                                    )
SPILLMAN DEVELOPMENT GROUP, LTD.    ) CASE NO. 05-14415-FM
              DEBTOR                ) (Chapter 7)
_____)
SPILLMAN INVESTMENT GROUP, LTC.,    )
STEPHEN W. GURASICH, JR.,           )
DONALD C. WALDEN, ROBERT H. WEST    )
MORTON L. TOPFER, ALAN TOPFER,      )
AND RICHARD TOPFER                  )
                     PLAINTIFFS     )
VS.                                 ) ADVERSARY NO. 08-1018
                                    )
AMERICAN BANK OF TEXAS,             )
RONALD E. INGALLS, TRUSTEE,         )
AND FIRE EAGLE, LLC                 )
                     DEFENDANTS     )
                                    )
RONALD E. INGALLS, TRUSTEE          )
         Third-Party Plaintiff      )
VS.                                 )
                                    )
PALISADES DEVELOPERS, LTD.          )
         Third-Party Defendant      )
```

INTERIM MEMORANDUM OPINION

1

The Court held a hearing on American Bank of Texas' Motion for Payment of Attorneys' Fees and Expenses on April 23, 2009. After the hearing, the Court took the matter under advisement. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §1334(a) and (b), 28 U.S.C. §157(a) and (b)(1), 28 U.S.C. §151 and the Standing Order of Reference of all bankruptcy related matters by the United States District Court, Western District of Texas.

### Findings and Conclusions

Federal Courts can award reasonable costs and attorney's fees in an interpleader action. Shrepic v. Metropolitan Life Ins. Co., 120 F.Supp. 650, 651 (W.D. Pa. 1954) (citations omitted). This decision is committed to the sound discretion of the trial court. Mutual of Omaha Ins. Co. v. Dolby, 531 F.Supp. 511, 516 (E.D. Pa. 1982)(citations omitted); In re Temp-Way Corp., 80 B.R. 699, 705 (E.D. Pa. 1987). Courts may award costs and attorneys' fees out of the deposited fund to stakeholders because their involvement in the suit usually results not from any transgression or chicanery on their behalf but because they are the innocent target in a dispute not of their own making. Temp-Way, 80 B.R. at 705 quoting 3A J.MOORE, FEDERAL PRACTICE, ¶ 22.16[2] at 22-173 (2d. ed. 1987).

In order to determine whether to award fees and costs, the court must consider whether the award is appropriate under the circumstances of the case. Dolby, 531 F.Supp at 516. Furthermore, because the award is taken out of the deposited fund, the court

2

must balance the right of the stakeholder to recover its fees and costs against the true beneficiary's right to the full amount of the interpleaded fund. Temp-Way, 80 B.R. at 706.

Here ABT asks that a significant amount ($185,000.00) of the SIG CD ($1,200,000.00) be remitted to cover its costs and attorney's fees. Awards of costs and attorneys' fees in interpleader are nominal in most instances because generally all that is required of the stakeholder is the preparation of the petition, the deposit of the funds into court, service on claimants and the preparation of an order discharging the stakeholder from liability. See John Hancock Mutual Life Ins, Co. v. Doran, 138 F.Supp. 47, 50 at n.2 (S.D.N.Y. 1956)(awards of counsel fees to stakeholders should be small because of, inter alia, minimal work necessary to institute an interpleader suit). See also Temp-Way, 80 B.R. at 705.

The institution of a suit in interpleader, including the depositing of the fund and procuring an order of discharge of the stakeholder from further liability does not usually involve any great amount of skill, labor or responsibility, and while a completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him, the amount allowed for such fees should be modest. Temp-Way, at 706. Furthermore, no recovery is granted for attorneys' fees incurred primarily in pursuit of attorneys' fees because of

the serious risk of depletion of the interpleaded fund. The stakeholder's right to recover its fees must be balanced against the beneficiary's right to the full amount of the fund. Id. Moreover, the fees awarded must represent "a reasonable allocation for that part of the services of its counsel which was a proper charge against the interpleaded fund" excluding services not connected with the interpleader. Hartford Fire Ins. Co. v. Professional Men's Investment, Inc. 337 F.2d 1011, 1012 (3d Cir. 1964).

Here ABT argues that it should be awarded costs and attorneys' fees that are astronomical in comparison to both the usual fee awards and to the size of the fund. ABT appears to argue that there was actually more to this interpleader action than merely instituting the suit in state court and obtaining an agreement that it retain the funds as interpled on behalf of Fire Eagle and the Spillman parties until litigation between Fire Eagle and the Spillman parties over the CD had been resolved. Further, ABT claims it was required to produce extensive discovery and submit one of its representatives to a deposition. Then, once this adversary was filed in the bankruptcy court, ABT claims it was again required to protect its right and was required to be proactive in the adversary proceeding even though it appears that no actual claims or causes of action were ever asserted against ABT in this proceeding other than possibly requesting turnover of the

4

CD once the parties' disputes that were claiming rights in the CD were resolved.

Preparation and prosecution of the interpleader is a relatively simple and routine matter. It appears from the complaint and other pleadings filed in the adversary proceeding that there were no claims or causes of action asserted against ABT Bank although ABT claims it was required to respond to extensive discovery in the state court suit as well as produce a representative for a deposition when requested.

However, in March of 2008, after the filing of the adversary proceeding by the Spillman plaintiffs, Fire Eagle's counsel, by way of letter to ABT's counsel, questioned why ABT was still in the litigation as it was merely a stakeholder in the state court suit and a judgment on the interpleader should be entered to stop the accumulation of any fees and expenses.

The Spillman plaintiffs actually named ABT as a party to the adversary action but do not assert a claim against ABT other than to request in its prayer that the CD be released to them upon resolution of the proceeding. The Trustee's Answer, CounterClaim, Cross Claim and Third party Complaint likewise does not appear to assert any claim against ABT other than to request turnover from ABT if successful on its claims against the Spillman plaintiffs. In the adversary, ABT responded to the Original Complaint and the Trustee's Answer, CounterClaim, Cross Claim and Third party

5

Complaint. ABT then filed a Response to Fire Eagle's Motion to Withdraw the Reference, a Response to the Trustee's Motion to Extend Scheduling Order, and a Response to the Spillman plaintiffs' Motion for Summary Judgment against Fire Eagle. Each response basically stated ABT had no bone in this fight and it was merely reasserting its right to its attorney fees and costs in connection with the interpleader. In connection with the remaining matters scheduled for trial in April, 2009 between the Spillman plaintiffs and the Trustee (which later settled), ABT filed its Designation of Trial Exhibits and Witness list which merely indicated it would be providing its invoices and a summary of fees in connection with its representation in the interpleader action from October 2006 to present and that Berry Spears and Greg Kirkpatrick of ABT would be live witnesses at trial.

On April 20, 2009 ABT filed its Motion for Payment of Attorney Fees and Expenses.

ABT has provided this Court in Exhibit C to its fee application entries that set out the time expended by year and then set out nine categories within each year in connection with its interpleader action- 1) Fact Gathering 2) Researching Law 3) Analysis and Strategy 4) Analysis and Advice 5) Communications with Third Parties 6) Attendance at Hearings, 7) Pleadings/Written Motions and Submission, 8) Discovery Motions 9) Document Production and 10) Other Discovery Issues along with the expenses incurred per

6

year.  These records indicate the date of service, the timekeeper, the billed time in increments and the amount of fee for each timekeeper within each category.

However, based on this Exhibit, the Court cannot determine exactly why this interpleader, which began in Sept. 2006, required such a significant level of activity (some 537 plus hours over two and a half years) and how all the fees and expenses actually relate to the filing of the interpleader action; i.e. what protection of ABT required over 500 hours of attorneys time?  ABT's own responses to pleadings in the adversary indicate it has no stake in the litigation, and it is only protecting its rights to its fees and expenses in connection with the interpleader.

The detail and description of the actual work performed is not aligned to the date, the timekeeper and the charge.  Further no narrative of work is provided except for the named categories. The Court cannot determine how these relate to the action.  There was no testimony or other evidence for that matter to allow the Court to determine what work was actually performed and why.

Further there is no itemization of each expense-copying, telephone, fax, postage etc. just a blanket sum for each year that expenses were incurred.

The time records are not adequate for this Court to make a determination as to either the type of services  actually rendered for ABT or the reasonableness of such services in light of the

7

facts of this case. An application should reflect the time expended and the nature of services rendered in connection with that time so that the court can make an informed judgment regarding specific tasks and the time expended on them.

As such the Court will allow ABT time to supplement its fee application as the information provided therein as well as the record established at trial is too vague and non-specific for this Court to determine compensability. As such, the Court requires that in connection with the supplementation, ABT detail its time records so that each entry reflects the time expended, the time keeper, the amount billed and a more detailed explanation of the nature of the services rendered at that time. In addition all fees should be lumped into the following categories:

1) State Court Interpleader Suit-research, analysis and preparation of the initial interpleader suit, hearings attended thereon and any communications and expenses in connection thereto together with an explanation of the necessity therefor.

2) State Court Interpleader--Discovery in connection with State Court Interpleader Suit-i.e. document production and other discovery issues including depositions, communications and expenses thereto and the necessity therefor.

3) State Court Interpleader-Any other research, analysis, pleadings, hearings conducted and communications and expenses incurred and the necessity therefor.

4) Spillman Development Bankruptcy-Any actions taken in the main bankruptcy Case No. 05-14415 in connection with the interpleader including any research, analysis, pleadings filed, hearings conducted and expenses and the necessity therefor.

5) Spillman Development Bankruptcy-Any discovery including document production and/or depositions, communications and expenses relating to the interpleader and the necessity therefor.

6) Adversary Proceeding 08-1018-any research, analysis, preparation of pleadings, hearings conducted and any communications and expenses and the necessity therefor.

7) Adversary Proceeding 08-1018-Any discovery produced including any document production and/or depositions, communications and expenses and the necessity therefor.

ABT also must state with particularity the necessity for every pleading it filed except for the Original Petition for Interpleader in the State Court action and its Original Answer in the Bankruptcy Court adversary proceeding.

In addition, at retrial, ABT should be ready to produce independent evidence that the rates charged are competitive in this region and locality as well as customary for the degree of skill and expertise required in the representation of ABT in this interpleader. ABT should also be prepared to explain why so many professionals were needed to administer this relatively simple and routine matter which does not involve any great amount of skill,

9

labor or responsibility.

###